17-281
*Rahman v. Barr*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

MOSTAFUZUR RAHMAN,

> *Petitioner,*

> v.                                                                 No. 17-281

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,

> *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Stuart Altman, Esq., New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Russell J. E. Verby, |

Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Mostafuzur Rahman, a native and citizen of Bangladesh, seeks review of a January 10, 2017 decision of the BIA affirming an October 29, 2015 decision of an Immigration Judge ("IJ") denying Rahman's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mostafuzur Rahman*, No. A205 732 851 (B.I.A. Jan. 10, 2017), *aff'g* No. A205 732 851 (Immig. Ct. N.Y.C. Oct. 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . [and] the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

2

We conclude that substantial evidence supports the agency's determination that Rahman was not credible as to his claim that members of the Awami League threatened him for years and beat him in 2012 on account of his membership in the Bangladesh Nationalist Party. The agency reasonably relied in part on Rahman's demeanor, which the IJ described as "evasive" and as changing dramatically when Rahman was questioned about unresponsive answers and record inconsistencies. Sp. App'x at 20; *see Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (noting that the Court "give[s] particular deference to [credibility determinations] that are based on the adjudicator's observation of the applicant's demeanor" (quoting *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005)). Further, the agency's demeanor findings and overall credibility determination were bolstered by inconsistencies in the evidence regarding whether Rahman was hospitalized for two hours or four to five hours after the attack on him, and whether he was first threatened in February 2007 or in May or June 2007. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Lin*, 453 F.3d at 109 ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Rahman did not provide a compelling explanation for any of these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on the omissions from Rahman's asylum application and his mother's statement of any mention that, as Rahman asserted before the

3

IJ, members of the Awami League had visited his family's home and sent threatening letters to him every 15 days for more than 5 years. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 82. Although asylum applicants are not required to list every relevant incident or provide every relevant detail in their asylum applications, *Hong Fei Gao*, 891 F.3d at 78, Rahman attached a lengthy and detailed written statement to his asylum application, making his omission of the asserted pattern of threats a significant inconsistency. That Awami League members visited his family's home and sent threatening letters, assertedly, more than 100 times, was information "that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Id.* at 79. This omission is particularly telling since Rahman included the related, but less dramatic, information that they made threatening phone calls two or three times a month.

Similarly, the agency reasonably relied on the omission from the affidavit submitted by Rahman's mother of any mention of these numerous threatening visits and letters. Her affidavit was detailed and lengthy; it cited threatening phone calls made before Rahman was attacked and several visits after the attack; but it did not mention the more than 100 visits and letters alleged to have occurred before the attack. The significance of the omission was highlighted by Rahman's testimony that these visits and letters contributed to making her "panicked." Tr. at 58; *see id.* at 82 (discussing "omissions that tend to show that an applicant has fabricated his or her claim").

In light of the above, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167. Contrary to Rahman's assertion, that determination is dispositive of his

4

claims for asylum, withholding of removal, and CAT relief because all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5